**The STATE of Ohio, Appellee,**

**v.**

**LONG, Appellant.**

[Cite as *State v. Long* (1989), 64 Ohio App.3d 615.]

Court of Appeals of Ohio,
Summit County.

No. 14058.

Decided Sept. 27, 1989.

*Mark R. Wolff,* Assistant Prosecuting Attorney, for appellee.

*Vincent J. Alfera,* for appellant.

QUILLIN, Presiding Judge.

Defendant-appellant, Jimmy Long, appeals his convictions for rape and assault on the grounds that the trial court erred in admitting evidence of a subsequent criminal act. Long also claims that the trial court erred in the definition of "fellatio" given to the jury. We affirm the convictions.

The victim, Gerri Kruspe, testified that on December 21, 1988, Long used a pair of scissors to force his way into Kruspe's automobile. Long told Kruspe to drive to an abandoned fast food restaurant and to park the automobile behind the restaurant. Long then exposed his penis, and told Kruspe to perform oral sex on him. When Kruspe pleaded with Long not to do this, Long forced Kruspe's head into his groin several times, causing Kruspe's mouth to come in contact with his exposed penis. Kruspe again struggled to raise her head and Long struck her with the pair of scissors, causing a wound on Kruspe's head. Kruspe distracted Long and escaped from the automobile.

A few minutes after Kruspe's escape, Lesa Carpenter was in a convenience store near the abandoned fast food restaurant. Carpenter testified that while in the store, she saw Long, who had blood on his shirt, exposing himself and masturbating while watching her through the window of the store. Shortly thereafter, the police arrived at the convenience store. Carpenter motioned the police toward Long. Long attempted to escape; however, he was captured and arrested. Long was then taken back to the scene of the rape, where Kruspe identified Long as her attacker.

"Assignment of Error I

"The trial court erred in admitting into evidence testimony of a witness who claimed to have viewed a subsequent criminal act of the appellant, i.e.,

indecent exposure, where this testimony did not tend to show any of the matters enumerated in R.C. Sec. 2945.59, and it was not relevant to proof of guilt of the appellant."

As a general rule, evidence of previous or subsequent criminal acts, wholly independent of the criminal offense for which the defendant is on trial, is inadmissible. *State v. Thompson* (1981), 66 Ohio St.2d 496, 497, 20 O.O.3d 411, 422, N.E.2d 855; Evid.R. 404(B); R.C. 2945.59.

Evid.R. 404(B) provides:

"Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

R.C. 2945.59 is in accord with Evid.R. 404(B). Staff Comment to Evid.R. 404(B).

■ Evidence of other crimes is admissible when evidence of the other crime is so blended or connected with the crime on trial as the proof of one crime incidentally involves the other crime, or explains the circumstances, or tends logically to prove any element of the crime charged. *United States v. Bass* (C.A.8, 1986), 794 F.2d 1305, 1312; *United States v. Tate* (C.A.8, 1987), 821 F.2d 1328, 1331. The evidence is admissible as an integral part of the immediate context of the crime charged. *Bass, supra.* When the other crimes evidence is so integrated, it is not extrinsic and therefore is not governed by Evid.R. 404(B) and R.C. 2945.59. See *Bass, supra.*

■ In the case *sub judice,* the witness testified that she saw Long at a convenience store in close proximity to the rape scene shortly following the rape. She also testified that she saw Long with blood on his shirt and his zipper undone with his penis exposed. When the police arrived, the witness pointed Long out to the police, which led to a chase and Long's subsequent capture and arrest.

The circumstances of Long's arrest were intertwined with the previous crime. See, *e.g., United States v. Blanton* (C.A.11, 1984), 730 F.2d 1425, 1432. We hold that the admission of this evidence did not fall within the prohibition of Evid.R. 404(B) and R.C. 2945.59, as it was offered to prove facts other than conforming conduct. *State v. Clements* (Feb. 15, 1989), Wayne App. No. 2407, unreported, 1989 WL 11807.

When a proper purpose is found for admission, only Evid.R. 403 prejudice bars its admission. *Clements, supra.* In the case *sub judice,* the probative

value of the evidence outweighed any possible prejudice, as it placed Long close to the scene within the relevant time frame. It also showed that shortly after the rape, Long was seen with blood on his shirt and his zipper undone with his penis exposed. It also showed the time and circumstances surrounding Long's arrest. This evidence corroborated Kruspe's testimony, avoided confusion regarding the time, place and circumstances surrounding the chase and arrest and bridged the gap between the rape and Kruspe's show-up identification of Long. The first assignment of error is overruled.

"Assignment of Error II

"The trial court erred in overruling appellant's motion for judgment of acquittal and in overruling appellant's objection to the definition of fellatio in the court's charge to the jury."

In *State v. Hiltabidel* (May 1, 1985), Summit App. No. 11971, unreported, 1985 WL 10801, we held that no penetration is required to complete fellatio.

In the case *sub judice,* we hold that the trial court was not in error in instructing the jury that fellatio is committed by touching the male sex organ with any part of the mouth. There was competent credible evidence at trial that Kruspe's mouth had come in contact with Long's male sex organ. We hold that the trial court was correct in overruling Long's motion for acquittal and his objection to the trial court's instruction to the jury. The second assignment of error is overruled.

The convictions are affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.