OPINION
Appellant, Yvonda J. Jones, appeals from a judgment of the Franklin County Court of Common Pleas convicting her pursuant to R.C. 2903.13(A) (C)(3) of four counts of assaulting a peace officer, each count a felony of the fourth degree.
Following the jury's verdict and the court's sentence, appellant filed a notice of appeal in this court. On appeal, appellant raises the following two assignments of error:
 [1.] THE DEFENDANT WAS DEPRIVED OF HER CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW WHEN THE STATE INTRODUCED EVIDENCE OF OTHER ACTS OF THE DEFENDANT THAT WERE PREJUDICIAL IN NATURE AND BY THE PRESENTATION OF OTHER EVIDENCE THAT WAS IMPROPERLY ADMITTED.
 [2.] THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON THE DEFENDANT-APPELLANT.
This case arises from an arrest which occurred on September 26, 1997, in Columbus, Ohio. On that date, at approximately 4:45 a.m., Columbus police officers Michael Ramsey and Darin Householder were in their cruiser when they saw appellant's Chevrolet parked in front of a house on the corner of East Main Street and Seymour Avenue. Since that area is high in narcotics and prostitution activity, and since the business and church in that area were otherwise closed, Ramsey and Householder "ran the tag" on the vehicle and discovered it was registered to an Oldsmobile instead of a Chevrolet.
Ramsey and Householder followed the car, and eventually appellant pulled over in front of her house. When they approached the vehicle, the officers spoke with appellant and asked her to sit in the back of the cruiser. A computer check revealed that appellant did not have a valid license and that she had outstanding misdemeanor warrants. Based on these factors, Ramsey and Householder decided to arrest her. They also called a tow truck in order to impound the car and the plates.
Upon hearing of her impending arrest, appellant became agitated. When the tow truck arrived, Householder asked appellant for the keys to her car. She said she would not give them the keys. When the officer asked her to exit the cruiser, appellant leaned back and kicked him in the chest. By this time, appellant's daughter and adult brother arrived at the scene and tried to calm her.
The police had appellant step out of the car to be handcuffed. Appellant kicked at Householder's thigh and kicked Ramsey in the right knee, causing his knee to buckle. The officers were eventually able to take appellant to the ground, where she was handcuffed while still kicking and flailing. Once appellant stood back up, Ramsey tried to readjust the handcuffs to a more comfortable position. While doing so, appellant got one arm free and began swinging her arms and kicking. At this point, Officer Householder sprayed appellant with mace, which was successful in subduing her in order to reposition the handcuffs.
A female officer was called to conduct a search prior to appellant's transport to jail. Officers Thorpe and Tucker arrived on the scene and Tucker, a female officer, approached appellant to conduct the search. Appellant became even more agitated and kicked Tucker and Thorpe in the groin area. Eventually, the police were able to transport defendant by the use of a stretcher and a "hobble strap" that prevented her from being able to run, punch or kick. Another police officer, Detective Patrick Dorn, investigated and took pictures of the incident. He testified that appellant appeared to be somewhat uncooperative and under the influence of something.
In her first assignment of error, appellant argues that she was denied a fair trial by the repeated introduction of evidence of her bad acts and bad character. Appellant contends that this testimony was offered solely to convince the jury that she used drugs and was therefore a bad person who assaulted the police officers. The state contends that such evidence was admissible pursuant to Evid.R. 404(B) for purposes other than showing that appellant was a bad person.
In general, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which she stands trial is not admissible to show that defendant acted in conformity with her bad character. State v.Elliot (1993), 91 Ohio App.3d 763, 770. However, Evid.R. 404(B) states that other acts testimony may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Ohio Supreme Court has held that "other act" evidence is admissible so long as the evidence is admitted for any purpose other than proving the defendant's propensity to act in conformity with a particular trait of his character. State v. Smith (1990),49 Ohio St.3d 137, 140. Also, pursuant to Evid.R. 608(B), specific instances of a witness's conduct may be inquired into on cross-examination for the purpose of impeaching the witness's credibility.
The challenged evidence consists of three instances cited in appellant's brief as constituting prejudicial "other acts" testimony. The first instance is the prosecutor's opening statement in which she described how the police went back to their cruiser after appellant was removed and found two crack pipes stuffed down into the backseat of the cruiser where she had been sitting. Counsel for appellant objected to this statement and a sidebar ensued. Defense counsel contended that the crack pipes had nothing to do with the present case. When the court said that it believed the two crack pipes to be prejudicial, the prosecutor explained that it was evidence related directly to the acts that occurred here, and it would help explain why appellant was acting the way she was acting.
Ultimately, the court prevented the prosecution from introducing any evidence regarding the crack pipes. Although the prosecution in opening statements mentioned the crack pipes, the court also told the jury that what the attorneys say in opening statements and closing arguments is not evidence. The jury is presumed to follow the instructions given it by a trial judge.State v. Garner (1995), 74 Ohio St.3d 49, 59.
Initially, we must first determine if appellant's alleged act of stuffing crack pipes in the seat of the cruiser constituted "other acts" evidence for purposes of Evid.R. 404(B). We have noted that evidence intrinsic to the crime for which the defendant is on trial is not governed by Evid.R. 404(B). State v.Rocker (Sept. 1, 1998), Franklin App. No. 97AP-1341, unreported. "Evidence of other crimes is admissible when evidence of the other crime is so blended or connected with the crime on trial as the proof of one crime incidentally involves the other crime, or explains the circumstances, or tends logically to prove any element of the crime charged." State v. Long (1989),64 Ohio App.3d 615, 617. In Long, the court noted that when the other crimes evidence is so integrated, it is not extrinsic and therefore not governed by Evid.R. 404(B). In the present case, appellant's possession of the crack pipes was intrinsic to the crimes on trial. When, as alleged in the present case, the other act occurs simultaneously with the charged offense, the rule stated in Long would appear even more applicable. Rocker, supra. The police officer's discovery of the crack pipes in the back of the cruiser could have circumstantially showed that appellant possessed the crack pipes. State v. Starling (July 28, 1992), Franklin App. No. 91AP-1348. Given such potential evidence during this very incident, the crack pipes were not "other acts" subject to Evid.R. 404(B).
Even if Evid.R. 404(B) applied in this case, the state did not err in asserting that the crack pipes evidence should be admitted. Appellant's position is that the crack pipes evidence is irrelevant regardless of what the officers saw and when they saw it. However, the state argues that if the crack pipes evidence falls within Evid.R. 404(B), appellant's possession of crack pipes still could have been admitted under two relevant bases: to prove motive and to further explain the circumstances surrounding the crime.
The crack pipes evidence could have been admissible as evidence of motive. The defense asserted that the size and armament of the officers, in addition to the appellant's bad back and/or arthritis, rendered appellant an unlikely assailant. In this context, without a motive, appellant's assault on the police officers would appear somewhat inexplicable. Appellant's possession of crack pipes would have provided a strong motive. Appellant could have assaulted Officer Householder to deflect attention from her concealment of the crack pipes.
Appellant's possession of the crack pipes also could have provided support for other evidence that appellant appeared to be under the influence of something at the time of the assault. Other acts can be used as evidence in situations where the other acts are part of the immediate background of the alleged crime and which are inextricably related to that alleged criminal act.State v. Lowe (1994), 69 Ohio St.3d 527, 531. Here, evidence of crack pipes in the back of the cruiser would have been part of the immediate background of the incident and would have helped in establishing that appellant was under the influence. Under these circumstances, the trial court would not have abused its discretion if it had found the crack pipes to be admissible under Evid.R. 404(B).
Appellant also contends that, even if admissible under Evid.R. 404(B), the evidence of the crack pipes would have been excludable as unfairly prejudicial. Evid.R. 403(A) states that even if other acts evidence is determined to be relevant to a permissible purpose under either Evid.R. 404(B) or 608(B), it can still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." In fact, the court eventually excluded the evidence because of notions of prejudice in this case. However, this was a discretionary judgment call. The court would not have abused its discretion if it had decided that the probative value of the evidence outweighed its prejudicial value. "When considering evidence under Evid.R.403, the trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion." State v.Allen (1995), 73 Ohio St.3d 626, 633.
Appellant further claims that the police officers misrepresented what they observed as related to appellant stuffing the crack pipes into the rear seat of the cruiser. It appears that any miscommunication was unintentional, and whatever the source of the confusion, it provides no basis for reversal. The court instructed the jury that the comments of the attorneys were not evidence. Any confusion was cleared up before evidence of crack pipes was actually introduced. In addition, the prosecutor's comments regarding "stuffing" occurred outside the hearing of the jury.
The second "other acts" instance that appellant claims is inadmissible is Officer Ramsey's testimony that appellant's car had been initially parked in front of a house of a "known crack dealer." Appellant argues that this comment tainted the jury with notions of drug use. However, the defense objected to this testimony, and the court sustained the objection. The evidence was not actually admitted, and the court instructed the jury to disregard the comment. The jury is presumed to have followed this instruction. Garner, supra.
Finally, appellant contends that she was further prejudiced by Detective Dorn's testimony that appellant appeared to be under the influence of something. The objection to this evidence was overruled, and the evidence was admitted against appellant. As previously explained, the state introduced this evidence in order to argue that appellant's reckless demeanor was the result of appellant being under the influence of something. Evidence of appellant being under the influence of something was relevant to show appellant's condition and to show how that condition likely prompted her assaults on the police. Again, this is evidence that is intrinsic to the criminal episode and, therefore, Evid.R. 404(B) does not apply. Even if it did apply, the evidence was relevant for purposes other than showing the appellant's bad character.
In State v. Jackson (1948), 82 Ohio App. 318, 323, the court stated that other acts evidence must be "so related to the offense for which the defendant is on trial that they have a logical connection therewith and may reasonably disclose a motive." In this case, all of the "other acts" testimony related to the commission of this crime. Moreover, the "other acts" testimony was presented in an attempt (1) to prove that defendant assaulted the police officers while under the influence of something, and (2) to provide a background of the alleged crime. Accordingly, we overrule appellant's first assignment of error.
By the second assignment of error, appellant contends that the trial court erred by imposing consecutive sentences upon the appellant. The state agrees with appellant that a remand is necessary for resentencing. R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for selecting the sentence if it imposes consecutive sentences. Since the trial court failed to expressly recite the findings necessary to impose consecutive sentences, appellant's second assignment of error is sustained.
For the foregoing reasons, appellant's first assignment of error is overruled, and her second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further sentencing in accordance with law, consistent with this opinion.
 __________________ PETREE, J.
TYACK and KENNEDY, JJ., concur.