DECISION
{¶ 1} Appellant, Arthur R. Jordan (also referred to as Alfred R. Jordan), appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas, following a jury trial in which he was found guilty of robbery.
 {¶ 2} On October 17, 2000, appellant was indicted by a Franklin County Grand Jury on two counts of robbery, in violation of R.C. 2911.02. Both counts resulted from a purse-snatching that occurred on October 8, 2000. On December 12, 2000, the trial court held a hearing and ultimately granted appellant's motion to suppress the identifications made by the victim. However, subsequent to the state's appeal, on November 21, 2001, this court reversed the suppression of the identifications and remanded the matter for trial.
 {¶ 3} Consequently, on March 11, 2002, appellant's jury trial commenced. Testimony presented at trial revealed the following pertinent information. During the afternoon hours of October 8, 2000, Norma Hildebrand, accompanied by her husband and stepson, arrived at the Schoedinger Funeral Home on West Broad Street to attend the calling hours for a long-time friend. As she neared the front door of the building, a man approached, and, wedging himself between Mrs. Hildebrand and her family, grabbed her purse from under her arm. The perpetrator, later identified as appellant, then ran from the funeral home, through a parking lot on the side of the building and north, down an adjoining alley.
 {¶ 4} Apparently, several bystanders and witnesses to the general commotion pursued appellant as he fled. Indeed, Mrs. Patricia Hune, an employee at the funeral home, testified that upon closing in on appellant, he turned to her saying "Stop, lady or I'll slice you." At that point, Mrs. Hune abandoned the chase and returned to the funeral home to call the police.
 {¶ 5} Officer Criner of the Columbus Police Department testified that he was near the end of his shift when he responded to a dispatch regarding the incident. A short distance away, Officer Criner quickly arrived at the scene where he observed civilians pointing in a northbound direction to illustrate the suspect's path of escape. Accordingly, Officer Criner continued down the alley and was eventually stopped by two men in a pickup truck who indicated the suspect had run into a house, approximately a block and a half away from the funeral home. Officer Criner radioed the information to the dispatcher and other responding units and approached the designated house. There, he found appellant. At that time, Officer Criner handcuffed appellant and transported him to the funeral home, where Mrs. Hildebrand positively identified him as the perpetrator.
 {¶ 6} The state also introduced the testimony of Mrs. Theresa Vanderburg-Watts, who lives behind the funeral home. Mrs. Vanderburg-Watts stated that just prior to the purse-snatching, she went outside to retrieve something from her van and found appellant attempting to remove a tire from the van. She confronted appellant, who said he needed a tire, and told him to find one elsewhere. Appellant left, walking back toward the funeral home, where he apparently returned the tools he had been using. Mrs. Vanderburg-Watts then heard a commotion and saw appellant running down the side of the funeral home heading north, down the alley. Mrs. Vanderburg-Watts further testified that she was one of several bystanders who followed the actions of appellant, eventually arriving to see Officer Criner escort appellant from the house.
 {¶ 7} In total, the state produced seven witnesses, five of whom identified appellant as the purse-snatcher. On March 14, 2002, after closing arguments, the trial court charged the jury, who returned from deliberations and found appellant guilty on both counts. The trial court then entered judgment, sentencing appellant according to applicable law. Appellant now appeals, raising the following two assignments of error:
 {¶ 8} "I. The trial court erred to the prejudice of the defendant-appellant by not declaring a mistrial.
 {¶ 9} "II. The trial court erred to the prejudice of the defendant-appellant by permitting the introduction of improper character evidence."
 {¶ 10} Appellant, in his first assignment of error, asserts that the trial court erred in refusing to grant his motion for a mistrial based on improper contact with a jury member. More specifically, appellant contends that, collectively, the jury was biased against him, and thus tainted, which served to deprive him of a fair trial.
 {¶ 11} On the morning of March 11, 2002, the court oversaw voir dire for appellant's trial. After the jury was impaneled and sworn, the court recessed for lunch and reconvened later in the afternoon for the beginning of the state's case. Upon arriving at the jury room the following morning, one of the jurors revealed to the others that appellant had approached him on the courthouse elevator the prior day after lunch. There, appellant had asked the juror to "look out for him." Several jurors in the deliberation room immediately told him not to tell them anymore, but to inform the bailiff. Thus, the information was eventually brought to the court's attention.
 {¶ 12} Immediately upon learning about the incident, the trial judge conferred with counsel for both parties. After granting counsel the requested opportunity to research applicable law, the judge conducted individual in camera interviews with each juror, including the alternates. Counsel was present during the entire process and was permitted to question each of the jurors. When each of the jurors had been interviewed, the parties agreed to excuse two jurors, the man approached by appellant and another who indicated she could not disregard the conduct. They were replaced with alternates. Counsel for appellant moved for a mistrial, arguing that the entire jury had been irreparably tainted by their collective knowledge of the incident. However, the court denied appellant's motion and continued with the trial.
 {¶ 13} When confronted with such attempts to influence jurors, trial courts are granted broad discretion in handling the effects of outside contact and deciding whether to declare a mistrial or to replace an affected juror. State v. Phillips (1995), 74 Ohio St.3d 72, 89. Accordingly, absent a finding of abuse of discretion, the trial court's decision to deny the requested mistrial will not be overturned. Id.; United States v. Williams (1987), 822 F.2d 1174. Moreover, "* * * where there is nothing in the record to demonstrate that the [jury's] decision might have been influenced by such conversation, the refusal of the trial court to grant a new trial will not be disturbed." State v. Hipkins (1982), 69 Ohio St.2d 80, 83.
 {¶ 14} The essence of appellant's argument is that the trial court's remedial action of replacing two jurors with alternates and admonishing the jury with a limiting instruction was insufficient to protect appellant's right to an impartial, untainted jury. However, it appears from the record that appropriate measures were taken by the trial judge. The trial court questioned each of the jurors individually in the presence of both counsel, who were also permitted to inquire into the jurors' perceptions of the incident. At the end of the interviews, the two jurors who expressed any doubt as to whether they could render a fair and impartial decision were excused. All remaining jurors, including the replacements, indicated that they could disregard the incident and render a decision based solely upon the facts and law presented. A trial court is entitled to rely on a juror's professed belief in his or her own impartiality. Phillips, supra, at 89. Furthermore, prior to deliberations, the court further instructed the jury to disregard the episode. When considering no evidence to the contrary, it is presumed that the jury followed any instructions provided by the trial court, including those that are curative. State v. Garner (1995), 74 Ohio St.3d 49, 59.
 {¶ 15} Appellant has simply failed to demonstrate that he was prejudiced by the trial court's decision to deny a mistrial. Appellant can point to no evidence in the record suggesting that the remaining jurors were biased or that they considered any inappropriate information in reaching their decision. Thus, there is no indication that the trial court committed an abuse of discretion in continuing the proceedings after taking curative measures. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, appellant asserts that the trial court erred by allowing the state to introduce the testimony of Mrs. Theresa Vanderburg-Watts with regard to the alleged attempted theft of her tire. Appellant contends that her testimony constituted improper character testimony pursuant to Evid.R. 404(B), which generally prohibits evidence of other "bad acts." On the other hand, the state argues that the challenged evidence is inextricably intertwined with the charged robbery and is otherwise admissible under Evid.R. 404(B) to prove identity.
 {¶ 17} As set forth above, Mrs. Vanderburg-Watts testified that, just prior to the robbery, she confronted appellant in the midst of his attempt to take the tire from her van. She then saw appellant walk back to the funeral home, where he gave the tools he had been using on the tire to some individuals there. She continued to watch as he walked around to the front of the building, whereupon she heard people screaming and saw appellant running north, away from the funeral home.
 {¶ 18} Appellant argues that there was no reason to present Mrs. Vanderburg-Watts' testimony for identification purposes because the testimony of four other witnesses who positively identified appellant was sufficient. Rather, appellant submits that the evidence was intended solely to suggest to the jury that he had a larcenous character and that he took Mrs. Hildebrand's purse in conformity with that character. Therefore, the evidence was improper under Evid.R. 404(B), which clearly prohibits the introduction of "other crimes, wrongs, or acts" for such a purpose.
 {¶ 19} However, it is equally plain that Evid.R. 404(B) authorizes the use of such evidence "* * * for other purposes, such as proof of * * * identity[.]" Indeed, as the Ohio Supreme Court stated in State v. Lowe (1994), 69 Ohio St.3d 527, where, as here, the other acts "form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment," and are, therefore, "inextricably related to the alleged criminal act," they may be presented to prove identity. Id. at 531, citing State v. Curry (1975), 43 Ohio St.2d 66,73. Though the Lowe court did not ultimately find the challenged evidence admissible under the cited premise, the court did present examples of when it would be applicable, explaining: "For instance, if someone had seen Lowe trespassing on Mullet's property on the evening of the attack, or had seen him speeding away from the crime scene * * * such evidence could be admitted to prove identity. Such evidence would directly tie Lowe to the crime at issue." Lowe, supra, at 531.
 {¶ 20} In the case sub judice, we are faced with a fact pattern almost identical to the Ohio Supreme Court's hypothetical. Mrs. Vanderburg-Watts confronted appellant as a trespasser on her property, attempting to remove the tire from her van, returning to the funeral home, walking around the building, and then speeding away. Her testimony not only placed appellant directly at the scene of the crime, but also revealed the time and circumstances immediately surrounding the act. See State v. Long (1989), 64 Ohio App.3d 615, 628; State v. Jones (June 29, 2000), Franklin App. No. 99AP-813. Thus, the challenged evidence was properly admitted as inextricably related to the crime charged.
 {¶ 21} On a final note, appellant claims that, even if admissible under Evid.R. 404(B), because the prejudicial nature of the evidence substantially outweighed its probative value, the trial court should have excluded the evidence pursuant to Evid.R. 403(A). However, the trial court is vested with broad discretion in considering evidence under Evid.R. 403, and we will not interfere with the trial court's ultimate decision unless an abuse of discretion is shown and material prejudice to the appellant is apparent. Lowe, supra, at 532; Jones, supra. Here, the record is devoid of any indication that appellant was materially prejudiced by the admission of Mrs. Vanderburg-Watts' testimony. Nor is there any suggestion that the trial court acted contrary to law or in an unreasonable or arbitrary manner. As such, the trial court's decision to allow the evidence shall remain undisturbed. Appellant's, second assignment of error is overruled.
 {¶ 22} Based upon the foregoing reasons, appellant's first and second assignments are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and BROWN, JJ., concur.