The STATE of Ohio, Appellee,

v.

CLARK, Appellant.

[Cite as *State v. Clark* (1995), 106 Ohio App.3d 426.]

Court of Appeals of Ohio,
Third District, Auglaize County.

Decided Sept. 20, 1995.

*John H. Rion & Associates* and *John H. Rion,* for appellant.

*Garrett Gall,* Auglaize County Prosecuting Attorney, and *Amy Otley Fox,* Assistant Prosecuting Attorney, for appellee.

HADLEY, Judge.

Defendant-appellant, Guy Clark ("appellant"), appeals from the judgment entry of conviction in the Auglaize County Court of Common Pleas for one count of rape in violation of R.C. 2907.02(A)(1)(b). His sentence was enhanced pursuant to R.C. 2907.02(B).

Appellant was indicted on August 12, 1994 for engaging in sexual conduct by force with his four-month-old granddaughter, Autumn. Autumn's mother, Angela, is appellant's daughter. Briefly, the incident occurred when appellant was watching Autumn while Angela went to a neighbor's home. Upon her return, Angela heard Autumn screaming. When she entered the trailer, Angela discovered Autumn face down on appellant's lap. Angela grabbed Autumn and observed appellant's erect penis. On April 25, 1995, a jury found appellant guilty of rape by force. The trial court's judgment entry of conviction and imposition of sentencing was filed on April 25, 1995.[1]

---

1.  On May 16, 1995, a *nunc pro tunc* journal entry was filed changing appellant's sentencing to a term of life imprisonment pursuant to R.C. 2907.02(B).

It is from this judgment entry that appellant presents four assignments of error.

Assignment of Error No. 3

"The trial court committed prejudicial error when it instructed the jury that fellatio is any stimulation of the penis by the mouth of another."

█ Since appellant is challenging the jury instruction regarding the definition of "fellatio," we address his third assignment of error prior to determining whether there was sufficient evidence to support a finding of fellatio. Appellant asserts that the common meaning of fellatio requires "that there be some penetration into the mouth."

R.C. 2907.02(A)(1)(b) states that "[n]o person shall engage in sexual conduct" with an individual under the age of thirteen. Pursuant to R.C. 2907.01(A), sexual conduct includes fellatio. However, there is no definition of "fellatio" in the Revised Code.

In defining "fellatio," the Supreme Court of Ohio was guided by the common usage of the word and cited the following dictionary meaning " 'the practice of obtaining sexual satisfaction by oral stimulation of the penis.' " *In re M.D.* (1988), 38 Ohio St.3d 149, 152, 527 N.E.2d 286, 289, quoting Webster's Third New International Dictionary (1986) 836. In *State v. Long* (1989), 64 Ohio App.3d 615, 618, 582 N.E.2d 626, 628, an appellate court found no error in the trial court's charge to "the jury that fellatio is committed by touching the male sex organ with any part of the mouth." Thus, the court found that no penetration was required. *Id.* See, also, *State v. Turvey* (1992), 84 Ohio App.3d 724, 748, 618 N.E.2d 214, 230 (holding that fellatio requires no penetration); Black's Law Dictionary (6 Ed.1990) 616 (defining "fellatio" as "[a] sexual act in which the mouth or lips come into contact with the penis"); American Heritage Dictionary (1985) 496 (defining fellatio as "[o]ral stimulation of the penis").

Furthermore, "fellatio" is defined in 4 Ohio Jury Instructions (1994) 165, Section 507.02, as "a sexual act committed with the male sexual organ and the mouth."

In the instant case, the record shows that the trial court provided the jury with the instruction set forth in Ohio Jury Instructions. The jury requested additional instructions. Specifically, the jury asked, "[m]ay we be given a more detailed explanation of fellatio? " and "[d]oes fellatio must have [*sic*] penetration of the penis into the mouth?" In response, the trial court instructed as follows: "You have already been given instructions concerning fellatio, and you should follow them. Fellatio is any stimulation of the penis by the mouth of another."

Upon our review, we conclude that there is no requirement of penetration to commit fellatio.[2] The trial court, therefore, committed no error in its instruction and appellant's third assignment of error is overruled.

Assignment of Error No. 1

"The conviction must be reversed because there was insufficient evidence of fellatio, and thus the conviction was against the manifest weight of the evidence."

█ In view of the above analysis, we next examine appellant's first assignment of error. Appellant contends that "aside from [a]ppellant's statement to the police, the *only* evidence in support of the conviction came from Angelica's[3] statement that the baby's face was *by* [a]ppellant's 'private areas,' and that [a]ppellant's penis was erect and exposed." Thus, appellant argues that his statement alone is insufficient to support a conviction.

█ When reviewing the weight and sufficiency of the evidence, an appellate court must inquire "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The reviewing court must remember that the jury heard the evidence and has the primary responsibility to consider the evidence and credibility of the witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

Again, the offense of rape results when a person engages in sexual conduct with an individual under the age of thirteen. R.C. 2907.02(A)(1)(b).

The trial transcript reveals the following testimony from Angela. Angela left Autumn with appellant while she walked to the neighbors. After a brief time, she returned to the trailer. As she was walking up the steps, she heard Autumn screaming. When questioned about the screaming, Angela stated it was different from a cry Autumn would make when she was hungry or needed to be changed. When she entered, she saw Autumn on appellant's "lap with her face down by his private areas." Appellant was reluctant to hand Autumn to Angela, but when he did, Angela observed appellant's erect penis. Angela then ran out of the house with the baby, screaming that "he did it." In a later conversation with Angela, appellant apologized and stated that he was getting help.

---

**2.** This court has previously found no requirement of penetration for cunnilingus. *State v. Ramirez* (1994), 98 Ohio App.3d 388, 393, 648 N.E.2d 845, 848.

**3.** In his brief, appellant refers to Angela as Angelica. In her testimony, she stated her name as "Angela."

A detective testified that appellant, after changing his story, told him he had an urge to put his penis in Autumn's mouth.[4] When the detective asked if he put his penis in Autumn's mouth, appellant responded "he didn't think so but maybe a little bit, and that it mostly brushed up against the outside." Towards the conclusion of the interview, appellant also signed a statement, written by the detective, regarding the incident. In his statement, appellant admitted that he had an urge to unzip his pants and see what Autumn would do with his penis. Again, appellant conceded that his penis may have gone into Autumn's mouth "a little, but mostly on the outside." In the statement, appellant, however, maintained that his penis was not erect during the incident.

Based upon the foregoing evidence, as well as the rest of the record, we find that there was evidence, if believed, by the jury to establish the elements of rape beyond a reasonable doubt. Appellant's first assignment of error, therefore, is overruled.

Assignment of Error No. 2

"The trial court committed prejudicial error in admitting appellant's confession because the *corpus delicti* of the offense had not been established before the statement was admitted."

■ Appellant submits that "there was *no* evidence, apart from [a]ppellant's statement, to support the finding that there was 'sexual conduct.'" He further maintains that his confession, although violating no constitutional rights, was suggestive enough to apply the *corpus delicti* rule. Although some issues were raised regarding appellant's statement, there appears to be no specific *corpus delicti* issue raised at the trial level. We will, however, address his assignment of error.

■ The *corpus delicti* of a crime is composed of "the act and the criminal agency of the act." *State v. Van Hook* (1988), 39 Ohio St.3d 256, 261, 530 N.E.2d 883, 888. The *corpus delicti* rule requires that the state present "'some evidence outside of the confession that tends to prove *some* material element of the crime charged'" in order to admit a confession. *Id.*, quoting *State v. Maranda* (1916), 94 Ohio St. 364, 114 N.E. 1038, paragraph two of the syllabus. Such evidence may be circumstantial. *State v. Nicely* (1988), 39 Ohio St.3d 147, 154–155, 529 N.E.2d 1236, 1242–1243.

Upon a review of the record, we find sufficient evidence dehors appellant's confession to meet the *corpus delicti* requirement. As indicated by the previous references to the transcript, Angela heard Autumn screaming and upon entering

---

4. As discussed *infra,* we reject appellant's contention that his confession was inadmissible.

the trailer saw Autumn face down on appellant's lap. Appellant was reluctant to give Autumn to Angela and when he did Angela observed his erect penis. Angela's testimony, as well as appellant's apology, claim of seeking help, and demeanor during the interview with the detective, meet the some evidence standard.

For the above stated reasons, appellant's second assignment of error is overruled.

Assignment of Error No. 4

"The conviction must be reversed because there was insufficient evidence that appellant used 'force' in committing the offense."

■ Appellant argues that there was no force used in committing the act. Furthermore, he contends that "placing the baby on his lap is too attenuated from the rape itself to allow a finding that there was force." In analyzing appellant's assertions, we again apply the standard set for in *State v. Jenks, supra.*

R.C. 2907.02(B) enhances the penalty for individuals convicted of raping a child under the age of thirteen by force or threat of force to life imprisonment. Force is defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."

The Supreme Court of Ohio found that force "depends upon the age, size and strength of the parties and their relation to each other." *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph one of the syllabus. *State v. Eskridge* involved a four-year-old child and was primarily based upon the inherent control a parent or other authority figure has upon a child. *Id.* at 58–59, 526 N.E.2d at 306. Obviously, this particular factor is not present when the victim is a four-month-old infant.

Nonetheless, in view of the above analysis and the statutory definition of "force," we find sufficient evidence to establish the use of force. In doing so, we conclude that an infant, because of its age, has no power to resist any adult actions. Simply, an adult's control is absolute. Thus, the compulsion or constraint necessary to establish force when the victim is an infant is logically lessened.

Consequently, holding a four-month-old baby facedown on the lap of an adult and subjecting it to an erect adult penis is clearly a physical compulsion or constraint. Based on this, as well as the rest of the record, we overrule appellant's fourth assignment of error.

Having found no error prejudicial to appellant, the judgment of the Auglaize County Court of Common Pleas is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.