The STATE of Ohio, Appellee,

v.

HAYNES, Appellant.

[Cite as *State v. Haynes* (1998), 130 Ohio App.3d 31.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 97CA26.

Decided Sept. 22, 1998.

*Alison L. Cauthorn,* Assistant Washington County Prosecuting Attorney, for appellee.

*Teresa D. Schnittke,* for appellant.[1]

---

STEPHENSON, Presiding Judge.

This is an appeal from a July 29, 1997 judgment, entered by the Court of Common Pleas of Washington County, upon a jury verdict, finding Gary Haynes, defendant-appellant, guilty of tampering with evidence, in violation of R.C. 2921.12(A). The following errors are assigned for our review:

"I. Where the state of Ohio failed to establish the corpus delicti of the crime of tampering with evidence, the admission of appellant's extrajudicial incriminating statements at trial constituted plain error.

"II. Appellant received ineffective assistance of counsel at trial, in violation of his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution, and under Section 10 Article I, of the Ohio Constitution, where counsel failed to object to the admission of appellant's extrajudicial statements prior to the state's establishment of the corpus delicti of the crime of tampering with evidence.

"III. The trial court erred in denying appellant's motion for acquittal, pursuant to Criminal Rule 29.

"IV. The trial court erred in sentencing appellant to serve a term of imprisonment, rather than to community control sanctions."

The record reveals the following facts pertinent to our resolution of this appeal. On February 13, 1997, appellant, Gary Haynes, was indicted on one count of negligent homicide, in violation of R.C. 2903.05(A), and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), in connection with the shooting death of a hunter who wandered onto his property.

The matter was tried to a jury on June 9, 1997. During trial, Haynes's tape-recorded confession was admitted into evidence, without objection, and played for the jury. The jury returned a verdict of guilty on the offense of tampering with evidence, but was unable to arrive at a unanimous verdict as to the offense of negligent homicide.[2]

By way of judgment entry filed on July 29, 1997, the trial court sentenced Haynes to a one-year term of imprisonment. This appeal followed.

---

1. Haynes was represented by different counsel in the proceedings below.

2. The negligent homicide charge was subsequently dismissed by the state.

■■ In his first assignment of error, Haynes asserts that his extrajudicial confession should not have been admitted to prove that he tampered with evidence because the *corpus delicti* of tampering with evidence was not otherwise established.[3] For the reasons that follow, we must agree.

■ "By the *corpus delicti* of a crime is·meant the body or substance of the crime, included in which are usually two elements: 1. The act. 2. The criminal agency of the act." *State v. Maranda* (1916), 94 Ohio St. 364, 114 N.E. 1038, paragraph one of the syllabus. See, also, *State v. Edwards* (1976), 49 Ohio St.2d 31, 34, 3 O.O.3d 18, 20, 358 N.E.2d 1051, 1055–1056; *State v. Van Hook* (1988), 39 Ohio St.3d 256, 261, 530 N.E.2d 883, 888–889. "It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the *corpus delicti,* before such confession is admissible. The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a *prima facie* case. It is sufficient if there is *some* evidence outside of the confession that tends to prove *some* material element of the crime charged." (Emphasis *sic.*) *Maranda, supra,* at paragraph two of the syllabus. See, also, *Edwards, supra; State v. Black* (1978), 54 Ohio St.2d 304, 8 O.O.3d 296, 376 N.E.2d 948, syllabus. The evidence may be direct or circumstantial. *Maranda, supra,* 94 Ohio St. at 371, 114 N.E. at 1040; *State v. Nicely* (1988), 39 Ohio St.3d 147, 154–155, 529 N.E.2d 1236, 1242–1243; *State v. Clark* (1995), 106 Ohio App.3d 426, 431, 666 N.E.2d 308, 310–311.

■ In the instant case, Haynes was convicted of tampering with evidence,[4] as a result of his alleged removal of a shotgun shell casing from the scene of the shooting.[5] As established by the foregoing authorities, before Haynes's confes-

---

3. Recognizing that he failed to object to the admission of his confession at trial, Haynes argues that the admission of his confession constitutes plain error. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The judgment of a trial court will be reversed under the plain error rule only if (1) error has occurred and, (2) but for that error, the result of the trial would clearly have been otherwise. See *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332. The rule should be applied with utmost caution and should be invoked only to prevent a clear miscarriage of justice. *Id.*

4. R.C. 2921.12, tampering with evidence, provides:
   "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
   "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its availability as evidence in such proceeding or investigation[.]"

5. In his confession, Haynes claimed that he took the shell casing from the scene and threw it in his trash, as was his custom whenever he would fire his weapon. He further claimed that he subsequently retrieved the casing from the trash and threw it in a pond behind his house.

sion could be admitted as proof that he committed the offense of tampering with evidence, there had to be some evidence outside his confession tending to prove some material element of that crime. Upon our review of the record, we do not find even a scintilla of evidence, direct or circumstantial, aside from Haynes's confession, tending to establish the *corpus delicti* of the crime of tampering with evidence.

At trial, the *only* references to the issue of a shell casing, outside Haynes's taped confession, appear in a few questions posed on cross-examination to Detective Lieutenant Jeffrey Seevers of the Washington County Sheriff's Office. These questions relate to Haynes's confession and to the evidentiary value of shell casings.[6] We note that Detective Seevers testified that "part of the crime scene investigation was keyed on trying to find a shotgun shell casing and also the projectile. They were trying to find both of those." We also note, however, that neither Seevers nor any other witness offered testimony (1) as to the nature or extent of the search for a shell casing, or (2) that a determination was ever made that a shell casing was not, in fact, present at the scene. Further, although Haynes's confession indicates that he disposed of the shell casing in a pond behind his house, there is no indication that authorities corroborated Haynes's confession by recovering the casing. Thus, as far as the record outside Haynes's confession reflects, the casing at issue may very well still be present somewhere at the scene, as yet undetected. Moreover, even if we assume that there is no shell casing at the scene, we note that there is no indication in the record that (1) a shell casing would necessarily be expected to have been found at the scene, (2) that the absence of a shell casing would be considered extraordinary, or (3) that the absence of a shell casing would tend to indicate that someone had affirmatively removed a casing from the scene (for whatever purpose).

Notwithstanding the foregoing, the state asserts that there was, in fact, some evidence, outside Haynes's confession, of material elements of the crime of tampering with evidence. According to the state:

"[P]rior to the admission of [Haynes's] taped confessions, there was evidence that [decedent] had been found on [Haynes's] property and had died of a shotgun wound to the shoulder. * * * There was evidence that he was missing and that he was found the next day, only after a search party discovered his body. There was no evidence that [Haynes] reported the shooting or otherwise offered assistance to law enforcement officers, despite the fact that there were large numbers of searchers, helicopters, and other indications that an investigation was in progress. * * * There was thus some evidence as to material elements of the

---

6. The questions regarding the evidentiary value of a shell casing have no bearing, whatsoever, on the issue of whether a casing was, or might have been, tampered with.

crime of tampering with evidence, even before [Haynes's confession was admitted].

" * * *

"Given the evidence in the record that [decedent] disappeared while hunting and was discovered dead as a result of a shotgun wound to the shoulder on [Haynes's] property, there was sufficient evidence of the material elements of tampering for admission of [Haynes's] confession."

We fail to see how the matters cited by the state tend, in any way, to prove a material element of the crime of tampering with evidence. The fact that the decedent was found dead of a gunshot wound on Haynes's property and the fact that Haynes did not report the shooting or offer assistance to law enforcement authorities does not tend to establish, even circumstantially, that Haynes "destroy[ed], conceal[ed], or remove[d]" a shotgun casing "with [the] purpose [of] impair[ing] its availability as evidence" in violation of R.C. 2921.12(A)(1).[7]

There is simply no evidence in the record before us, outside of Haynes's confession, that tends to prove any material element of the crime of tampering with evidence. In fact, aside from Haynes's confession, there is no evidence that such crime even occurred.[8] Accordingly, we can only conclude that Haynes's admission should not have been admitted into evidence. Further, given the fact that no evidence was presented, aside from Haynes's confession, that would support a conviction for tampering with evidence, we can only conclude that but for the erroneous admission of Haynes's confession, the result of the trial would clearly have been otherwise. Accordingly, Haynes has established plain error, see fn. 3, *supra,* and his first assignment of error is sustained.

---

**7.** The state also argues, in support of its claim that evidence exists outside of Haynes's confession, that "Seevers testified that when he arrived at [Haynes's] home, [Haynes] told him that the gun used in the shooting had been concealed beneath some insulation in his attic. * * * Seevers then went to the location indicated by [Haynes] and retrieved the gun." We note, however, that Haynes was indicted for "alter[ing], destroy[ing], conceal[ing], or remov[ing] any thing, to-wit: *shotgun shell casing,* with purpose to impair its availability as evidence in [a] proceeding or investigation, * * * in violation of [R.C.] 2921.12(A)(1) * * *." (Emphasis added.) The indictment was never amended.

**8.** We note that it is precisely this type of situation that gave rise to the requirement of evidence of the *corpus delicti* as a foundation for admitting a confession.

"The *corpus delicti* rule, as employed in the context of extrajudicial confession, is informed by a desire to protect unfortunate persons who confess to crimes that they not only did not commit themselves, but which were never committed by anyone. Before the rule was formed, it sometimes happened that a person would confess to killing another, be convicted of that killing and put to death, only to have the supposed murder victim turn up later, alive and healthy." *State v. Nobles* (1995), 106 Ohio App.3d 246, 261, 665 N.E.2d 1137, 1146, citing *Maranda, supra,* 94 Ohio St. at 370, 114 N.E. at 1040.

In his second assignment of error, Haynes asserts that he received ineffective assistance of counsel, inasmuch as counsel failed to object to the admission of his confession at trial. Without engaging in a review of the well-settled legal principles applicable to allegations of ineffective assistance of counsel, see *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and its progeny, suffice it to say that we effectively sustained this assignment of error in connection with our resolution of Haynes's first assignment of error: we determined that Haynes's confession should not have been admitted at trial and, thus, it was error for trial counsel to have failed to object to its admission; and we determined that but for the erroneous admission of Haynes's confession, the result of trial would clearly have been otherwise; thus, Haynes was prejudiced by counsel's error. Haynes's second assignment of error is sustained.

In his third assignment of error, Haynes asserts that the trial court erred in denying his motion for acquittal and in his fourth assignment of error he assigns error to the sentence imposed by the trial court. Our resolution of Haynes's first and second assignments of error renders these assignments of error moot. We do not address them. See App.R. 12(C).

Having sustained Haynes's first and second assignments of error, we reverse his conviction for tampering with evidence and he is ordered discharged.

*Judgment reversed.*

PETER B. ABELE, J., concurs.

HARSHA, J., dissents.

HARSHA, Judge, dissenting.

Seeing no clear miscarriage of justice in the appellant's conviction, I would exercise the utmost caution and decline to invoke the plain error doctrine. See *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332, cited by the majority. Thus, I dissent.