This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John Shondrick ("Shondrick"), appeals the decision of the Medina County Court of Common Pleas, which convicted him of rape. We reverse and remand for further proceedings not inconsistent with this opinion.
 I.
On January 31, 2001, Shondrick was indicted for rape, in violation of R.C. 2907.02(A)(1)(b), and gross sexual imposition, in violation of R.C.2907.05(A)(4). He entered a plea of not guilty on both counts, and the matter proceeded to jury trial on June 11 — 14, 2001. The jury found Shondrick guilty on the charge of rape. He was acquitted on the charge of gross sexual imposition. On September 15, 2001, the court sentenced Shondrick to nine years imprisonment.
This appeal followed. Shondrick raises three assignments of error.
 II. Assignment of Error No. I "THE COURT ERRED WHEN IT PERMITTED AN EXPERT TO GIVE AN OPINION TO A REASONABLE DEGREE OF MEDICAL CERTAINTY THAT SEXUAL ABUSE HAD OCCURRED WHEN THERE WAS ADMITTEDLY NO RELIABLE MEDICAL, SCIENTIFIC, TECHNICAL OR OTHER SPECIALIZED INFORMATION UPON WHICH THE OPINION WAS BASED. RATHER, THE OPINION WAS BASED SOLELY UPON WHAT A WITNESS TOLD TO SOMEONE OTHER THAN THE EXPERT. THUS THE EXPERT WAS PERMITTED TO GIVE AN OPINION THAT THE WITNESS'S TESTIMONY WAS CREDIBLE TO A REASONABLE DEGREE OF MEDICAL CERTAINTY."
In his first assignment of error, Shondrick asserts that the trial court erred when it allowed the state to introduce the expert opinion of Nurse Abbott. Shondrick seeks to exclude the testimony of Abbott under the authority of State v. Boston (1989), 46 Ohio St.3d 108. He asserts that Abbott's opinion should have been excluded because it served only to bolster the testimony of the eyewitness, Shawna. We disagree.
The trial court has broad discretion in the admission and exclusion of evidence. State v. Hymore (1967), 9 Ohio St.2d 122, 128. An appellate court will not disturb evidentiary rulings absent an abuse of discretion. Id. An abuse of discretion signifies more than merely an error in judgment; instead, it implies that the court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
Pursuant to State v. Boston, "an expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant."Boston, 46 Ohio St.3d at syllabus. However, the Ohio Supreme Court specifically stated that an expert may testify as to her opinion on whether a child has been sexually abused, stating, "an expert's opinion testimony on whether there was sexual abuse would aid jurors in making their decision and is, therefore, admissible[.]" Id. at 128. Furthermore, "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." Evid.R. 704.
The victim in this case is Shondrick's step-granddaughter, ("A.A.") who is developmentally disabled. She is deaf and legally blind and cannot speak, walk, or feed herself. Shondrick was home babysitting A.A. on October 27, 2000, while his stepdaughter went to pick up Shondrick's other step-granddaughter, Shawna, from her foster home for a weekend visitation. Shawna had been placed in a foster home after repeated problems with truancy.
Once they returned to Shondrick's house, Shawna entered the residence before her mother. She reported that as she entered the living room, she observed Shondrick kneeling on the floor beside A.A. with his penis in his hand, rubbing it on A.A.'s mouth. Shawna's mother did not observe these events. A.A. was taken to Akron Children's Hospital, where she was examined. Because A.A. cannot speak and therefore could not provide a history to the social worker, the social worker obtained the history from Shawna. Nurse Abbott ("Abbott") then performed a medical examination, based on the history given by Shawna.
Abbott testified as follows. She has been a nurse for 26 years. Based upon the history given to the social worker by Shawna, Abbott examined A.A. and performed the rape protocol, which includes various medical tests. One test is a wood lamp test. This test uses a black light, which makes certain substances fluoresce. Semen is one such substance. When a part of the body fluoresces during the wood lamp test, that area is swabbed to collect any evidence. Abbott performed the wood lamp test on A.A., and the area around her mouth fluoresced. Abbott stated that the source of the fluorescence could be many different things other than semen, such as milk, types of food, and lint from disposable diapers. Abbott did not find any trauma to A.A.'s body; however, she stated that based upon the history she received and her training and experience, she would not expect to find trauma in a case such as this. None of the tests resulted in any physical evidence of sexual abuse.
Abbott rendered her expert opinion, based upon her education, training and experience, that sexual abuse was indicated. She based her opinion on the history given to her by the social worker, who had received it from Shawna. Abbott admitted on cross-examination that her conclusion would not be accurate if the history was not accurate.
The trial court did not abuse its discretion in admitting Abbott's expert opinion. Her opinion does not amount to an opinion that Shawna's testimony was "credible to a reasonable degree of medical certainty," as Shondrick argues. Instead, Abbott testified that her opinion was based upon the victim's history as it was provided to her, and if the history was incorrect, then her opinion would be incorrect as well. This testimony does not reflect Abbott's opinion as to whether Shawna was telling the truth or if she was a credible witness. Shondrick's first assignment of error is overruled.
 Assignment of Error No. II "THE COURT ERRED BY REFUSING TO PERMIT APPELLANT TO INTRODUCE TESTIMONIAL EVIDENCE THAT THE ONLY ALLEGED EYEWITNESS IN THIS CASE HAD A MOTIVE TO LIE AND WAS BIASED AND THEREBY VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO PRESENT A DEFENSE."
Shondrick's second assignment of error asserts that the trial court erred in excluding certain impeachment evidence against the eyewitness. We agree.
As previously noted, a trial court's rulings on the admission or exclusion of evidence will not be reversed absent an abuse of discretion. Evid.R. 616(A) states that "[b]ias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." The United States Supreme Court described bias as "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest." U.S. v. Abel (1984), 469 U.S. 45, 52,83 L.Ed.2d 450. It is fundamental that the bias of a witness may be explored to test credibility. State v. Gavin (1977), 51 Ohio App.2d 49, 53. Furthermore, the potential bias of a witness is always significant in the assessment of the witness' credibility, as "the trier of fact must be sufficiently informed of the underlying relationships, circumstances, and influences operating on the witness `so that, in the light of his experience, he can determine whether a mutation in testimony could reasonably be expected as a probable human reaction.'" State v. Williams (1988), 61 Ohio App.3d 594,597, citing 3 Weinstein, Evidence (1988), Section 607[03].
In this case, Shondrick sought to introduce witness testimony tending to show the bias of the only eyewitness to the alleged rape. Shondrick asserts that the witnesses would have testified that Shawna had previously stolen Shondrick's credit card and charged $1500 without his authorization. Shondrick states that Shawna wanted to move back into her grandmother's home, but Shondrick did not want her living there because of the theft. Shondrick argues that this event demonstrates Shawna's bias, because this was the reason she wanted Shondrick removed from her grandmother's house.
The trial court excluded any such testimony, finding that the testimony was improper character evidence. However, "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." Abel,469 U.S. at 52. Furthermore, Shawna was the only eyewitness to the alleged crime. The trial court's exclusion of the testimony of Shawna's potential bias against the defendant was unreasonable. Therefore, the trial court abused its discretion. Accordingly, Shondrick's second assignment of error is sustained.
 Assignment of Error No. III "THE COURT ERRED TO THE EXTREME PREJUDICE OF APPELLANT BY INSTRUCTING THE JURY THAT FELLATIO AND HENCE RAPE CAN BE COMMITTED WITHOUT THE CONTACT OF THE PENIS TO THE MOUTH OR THE TOUCHING OF THE PENIS TO THE MOUTH."
In his third assignment of error, Shondrick challenges the instructions given to the jury on the definition of fellatio. He argues that the trial court's definition that fellatio does not require contact or touching is an incorrect statement of the law. We agree.
"A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced." Marshall v. Gibson (1985), 19 Ohio St.3d 10, 12,
citing Parmlee v. Adolph (1875), 28 Ohio St. 10, paragraph two of the syllabus. "An inadequate jury instruction which, in effect, misleads the jury, constitutes reversible error." Sharp v. Norfolk W. Ry. (1995),72 Ohio St.3d 307, 312, citing, Marshall, 19 Ohio St.3d at 12.
Shondrick was indicted for rape. R.C. 2907.02 provides, in pertinent part:
 "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
"* * *
 "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
R.C. 2907.01(A) defines sexual conduct as:
 "[V]aginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another."
The Ohio Revised Code does not provide a statutory definition for fellatio.
The trial court instructed the jury that the definition of fellatio is "a sexual act committed with the penis and the mouth." During deliberations, the jury asked the trial court, "The definition of fellatio. Does it mean that the penis and the mouth are in contact?" The court repeated its previous definition of fellatio and stated, "This definition doesn't require contact or touching, merely physical stipulation [sic]." Shondrick objected to this instruction.
Fellatio has been defined as "[a] sexual act in which the mouth or lips come into contact with the penis." Black's Law Dictionary (6 Ed. 1990) 616. Furthermore, this court has previously held that "fellatio is committed by touching the male sex organ with any part of the mouth."State v. Long (1989), 64 Ohio App.3d 615, 618. See, also, State v.Hiltabidel (May 1, 1985), 9th Dist. No. 11971, at 4; State v. Clark
(1995), 106 Ohio App.3d 426, 429. Thus, it was reversible error for the trial court to instruct the jury that the act of fellatio, and, consequently, rape by fellatio, does not require contact or touching. Shondrick's third assignment of error is sustained.
 III.
Having sustained Shondrick's second and third assignments of error, we reverse the decision of the Medina County Court of Common Pleas and remand the cause for further proceedings not inconsistent with this decision.
CARR, J., BATCHELDER, J. CONCUR.