DECISION AND JUDGMENT ENTRY
{¶ 1} Larry Strickland appeals the trial court's judgment convicting him of unlawful sexual conduct with a minor. He argues that that record does not contain sufficient evidence to support his conviction. He claims that the victim's testimony was not credible, that the jury's verdict represents an improper compromise verdict, and that his extrajudicial confession was not properly admitted at trial because independent evidence does not exist to establish the corpus delicti.
 {¶ 2} We disagree with all of appellant's arguments. Because the victim testified that she and appellant engaged in sexual intercourse, the record contains sufficient evidence to support appellant's conviction. The credibility of her testimony was a matter for the fact-finder. Additionally, because the record contains facts supporting appellant's conviction, the jury's verdict does not constitute an improper compromise verdict. And, because the victim testified that she and appellant engaged in sexual intercourse, evidence independent of appellant's confession exists so that his extrajudicial confession was properly admitted at trial. Therefore, we overrule appellant's assignment of error and affirm the trial court's judgment.
 {¶ 3} In April of 2002, the Washington County Grand Jury returned an indictment charging appellant with rape, in violation of R.C.2907.02(A)(2), and unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and (B)(3).
 {¶ 4} At trial, the victim testified that she and her mother moved in with appellant, the mother's boyfriend. Shortly thereafter, she asked appellant about performing fellatio. Appellant stated that he would show her how to perform oral sex on him. She then did so consensually. The victim stated that a few months later, appellant forced her to have sex with him. She explained that she had asked appellant to go to the store to buy her cigarettes. When he returned with the cigarettes, he took them into the bedroom. When the victim asked for a pack of cigarettes, appellant told her to "come and get them." She waited about five minutes and then went to retrieve her cigarettes. When she went in the bedroom, appellant grabbed her arms and threw her down on the bed. After he threw her on the bed, he held her hands over her head and then pulled her shorts down, spread her legs, and stuck his penis in her vagina.
 {¶ 5} The victim stated that she did not immediately report the alleged rape to anyone, but in February of 2002, she told her school counselor. The police subsequently became involved, and the victim made a taped, controlled phone call to appellant. During the phone call, appellant denied forcing the victim to have sex. He stated that he did not recall holding her down. He claimed that he was "just as blank as a sheet of paper. * * * I have never, ever touched you, as far as I know, in any way, to hurt you, physically, mentally, sexually, or whatever." Nonetheless, he did apologize and in response to the victim's question of: "So, if I come home, you will never fuck me again(?)" the appellant stated: "Uh-uh. No [victim's name], I won't."
 {¶ 6} Also at trial, the state presented a taped conversation that occurred between appellant and law enforcement officials. Appellant claimed that on the night of the alleged rape, he retired to bed around 9:00 p.m. While he was asleep, the victim came in and started performing oral sex on him. He pushed her off, rolled over, and went back to sleep. Later in the evening, he awoke and the victim was on top of him. He put his arm around her, pushed her off, and ejaculated.
 {¶ 7} Appellant's defense consisted of trying to show that if he engaged in sexual intercourse with the victim, he did so while he was asleep and thought that it was his girlfriend, the victim's mother. The victim's mother (who was appellant's fiancé at the time of trial) testified that appellant is a deep sleeper and that she is able to have sex with him while he is asleep. She stated that while he sleeps, he gets an erection, she "jump[s] on top" and "ride[s] him till [she] get[s] off." She then goes to sleep.
 {¶ 8} Appellant's ex-wife also testified that appellant is a deep sleeper and that she has had sex with him while he slept.
 {¶ 9} Appellant testified, claiming that he sleeps through sex and that he is such a deep sleeper that he sometimes forgets to breathe while sleeping. He stated that if he had sex with the victim, he must have been asleep.
 {¶ 10} The jury subsequently found appellant not guilty of rape but guilty of unlawful sexual conduct with a minor. In November of 2002, the trial court sentenced appellant to one year in prison and found him to be a sexually oriented offender.
 {¶ 11} Appellant timely appealed the trial court's judgment and raises the following assignment of error: "Mr. Strickland's conviction was based on insufficient evidence."
 {¶ 12} In his sole assignment of error, appellant asserts that his conviction is not supported by sufficient evidence. Appellant complains that the victim's testimony was not credible, that the jury improperly reached a "compromise verdict," and that his extrajudicial confession was not properly admitted because independent evidence does not exist to establish the corpus delicti.
 {¶ 13} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. See, e.g., State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Id. (citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560). Reviewing courts will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbetts
(2001), 92 Ohio St.3d 146, 749 N.E.2d 226; State v. Treesh (2001),90 Ohio St.3d 460, 739 N.E.2d 749.
 {¶ 14} Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." State v.Thompkins (1997), 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (Cook, J., concurring); see, also, State v. Noling (2002), 98 Ohio St.3d 44, 49-50,781 N.E.2d 88 (stating that "the trier of fact * * * is burdened with assessing the credibility and veracity of witnesses). The trier of fact may believe all, part or none of the testimony of each witness who appeared before it. See, e.g., State v. Long (1998), 127 Ohio App.3d 328,335, 713 N.E.2d 1.
 {¶ 15} In this case, the jury convicted appellant of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). The statute provides: "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 16} The record here contains sufficient evidence to support appellant's conviction. The victim and appellant gave differing accounts of the alleged sexual encounter. The victim testified that appellant forced her to have sex, while appellant claimed that if he had sex with the victim, he must have done so while he was asleep. The jury was free to believe the victim's testimony, in whole or in part, or appellant's testimony. The jury obviously concluded that some sexual conduct occurred between appellant and the victim, and the record contains sufficient evidence to support its conclusion.
 {¶ 17} Appellant's claim that the jury, by acquitting him of the rape charge, must have disbelieved the victim's testimony is without merit. The jury was free to believe part of the victim's testimony, that she and appellant had sex, and not to believe other parts, that appellant forced her to have sex.
 {¶ 18} Additionally, we do not believe that the jury's verdict represents an improper compromise verdict. The Ohio Supreme Court has given the following explanation of compromise verdicts: "Juries are not to be presented with compromise offenses which could not possibly be sustained by the adduced facts. Such unreasonable compromises are detrimental to both the state and the defendant. These compromises allow juries to lessen punishment at their unlimited discretion, even when they find the defendant guilty of the greater offense beyond a reasonable doubt. Further, they can allow juries to convict a defendant of a crime of which he is not guilty beyond a reasonable doubt with a clearer conscience than if only the greater offense were charged." State v.Wilkins (1980), 64 Ohio St.2d 382, 387, 415 N.E.2d 303.
 {¶ 19} Here, the concerns expressed in Wilkins are absent. The facts presented at trial reasonably support either a rape conviction or an unlawful sexual conduct with a minor conviction. No danger exists that the jury convicted appellant of an offense when the facts do not possibly support that offense.
 {¶ 20} Appellant's claim that the taped phone call and his taped confession should be excluded when considering whether sufficient evidence exists to support his conviction is also without merit. He argues that there is no evidence apart from his extrajudicial confession tending to establish the corpus delicti of the offense. Appellant contends that in the absence of independent evidence to establish the corpus delicti of the offense, his confession is inadmissible.
 {¶ 21} In State v. Haynes (1998), 130 Ohio App.3d 31, 34,719 N.E.2d 576, we stated: "By the corpus delicti of a crime is meant the body or substance of the crime, included in which are usually two elements: 1. The act. 2. The criminal agency of the act. State v.Maranda (1916), 94 Ohio St. 364, 114 N.E. 1038, paragraph one of the syllabus. See, also, State v. Edwards (1976), 49 Ohio St.2d 31, 34,358 N.E.2d 1051; State v. Van Hook (1988), 39 Ohio St.3d 256, 261,530 N.E.2d 883. `It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible. The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case. It is sufficient if there is some evidence outside of the confession that tends to prove some material element of the crime charged.' Maranda, supra, at paragraph two of the syllabus. See, also,Edwards, supra; State v. Black (1978), 54 Ohio St.2d 304, 376 N.E.2d 948, syllabus. The evidence may be direct or circumstantial. Maranda, supra,94 Ohio St. at 371, 114 N.E. at 1040; State v. Nicely (1988),39 Ohio St.3d 147, 154-155, 529 N.E.2d 1236, 1242-1243; State v. Clark
(1995), 106 Ohio App.3d 426, 431, 666 N.E.2d 308, 310-311."
 {¶ 22} In this case, evidence outside of appellant's confession exists to establish the corpus deliciti. The victim testified that she and appellant engaged in sexual intercourse. Therefore, appellant's taped confession was properly admitted at trial.
 {¶ 23} Consequently, we disagree with appellant that the record does not contain sufficient evidence to support his conviction for unlawful sexual conduct with a minor. Therefore, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.