OPINION
{¶ 1} Defendant-Appellant, Troy W. Barrett, appeals a judgment of the Defiance County Court of Common Pleas, sentencing him upon his conviction for rape of a child less than thirteen. On appeal, Barrett asserts that the stipulated facts do not constitute the offense of rape and that the evidence was insufficient to support his conviction. Based on the following, the judgment of the trial court is affirmed.
 {¶ 2} In June of 2005, Barrett was indicted on one count of rape of a child less than thirteen years old in violation of R.C.2907.02(A)(1)(b), a felony of the first degree. The indictment also put Barrett on notice that the offense was punishable by life in prison, because the victim was under ten years of age.
 {¶ 3} In October of 2005, Barrett pled no contest to the offense. Pursuant to a plea agreement, Barrett agreed to plea no contest to an amended charge of first degree rape, which was punishable by a maximum term of ten years imprisonment. Additionally, Barrett's plea was based upon the following factual stipulations:
1. That the incident occurred on June 9, 2005 in DefianceCounty, Ohio;
 2. That the Defendant is an adult male, DOB: 01/22/86;
 3. That the victim was a male child less than thirteen (13)years of age, to wit: age four (4) at the time of the incident;
 4. That the child victim was not the spouse of the Defendant;
 5. That the Defendant made a voluntary admission to the policeofficer following appropriate Miranda Warnings, admitting that heput the victim's penis in his mouth for "about 30 seconds". It isnot disputed that there was contact between the mouth and thepenis.
 6. That the child victim made an excited utterance to hismother shortly after the act occurred stating "Troy sucked mypee-pee."
 {¶ 4} Based upon the above stipulations, the trial court entered Barrett's plea of no contest and found Barrett guilty of first degree rape. Subsequently, the trial court sentenced Barrett to a term of nine years in prison.
 {¶ 5} It is from this judgment Barrett appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE CONDUCT OF DEFENDANT, AS DESCRIBED IN THE STIPULATION OFFACTS, DOES NOT CONSTITUTE THE OFFENSE OF RAPE.
 Assignment of Error No. II THE EVIDENCE OF FELLATIO, AS DESCRIBED IN THE STIPULATION OFFACTS, IS INSUFFICIENT TO STATE AN OFFENSE.
 {¶ 6} In the first assignment of error, Barrett asserts that the facts described in the stipulation of facts do not constitute the act of rape. In the second assignment of error, Barrett asserts that the evidence is insufficient to support the charged offense. Because these assignments of error are interrelated, we elect to address them together.
 {¶ 7} R.C. 2907.02(A)(1)(b) states that "[n]o person shall engage in sexual conduct" with an individual under the age of thirteen. Pursuant to R.C. 2907.01(A), sexual conduct includes fellatio. However, there is no definition of "fellatio" in the Revised Code.
 {¶ 8} In In re M.D. (1988), 38 Ohio St.3d 149, 152, the Ohio Supreme Court defined fellatio as "`the practice of obtaining sexual satisfaction by oral stimulation of the penis.'" Id., citing Webster's Third New International Dictionary (1986) 836. In re M.D. involved a twelve-year old girl who had been prosecuted for complicity to commit rape for instructing a five year old boy to put his penis in the mouth of a five year old girl. Id. at 150. The Supreme Court disallowed the prosecution of the twelve-year old girl based upon public policy.[1] Id. at 152-153.
 {¶ 9} In the case sub judice, Barrett contends that based upon the above definition, he cannot be charged with rape by fellatio in this case. Specifically, Barrett argues that the above definition requires the defendant's penis be orally stimulated. Thus, Barrett asserts that because his own penis was not orally stimulated, the act of fellatio was never committed and, thus, the charge of rape cannot stand.
 {¶ 10} We reject Barrett's argument. First, while we acknowledge the above definition put forth by the Supreme Court in In re M.D., we do not believe that the Supreme Court would support such a narrow construction of its definition. Furthermore, several other Ohio Appellate Courts, including this Court, have relied upon much broader definitions of fellatio. Specifically, this Court has stated that "`fellatio' is defined in 4 Ohio Jury Instructions (1994) 165, Section 507.02, as `a sexual act committed with the male sexual organ and the mouth.'"State v. Clark (1995), 106 Ohio App.3d 426; See, also, Statev. Astley (1987), 36 Ohio App.3d 247, State v. Stuart (Apr. 4, 2001), 9th Dist. No. 20111, 2001 WL 324387, State v. Daugherty
(Nov. 12, 1999), 4th Dist. No. 99CA09, 1999 WL 1059225, State v.Robertson (Nov. 23, 1994), 8th Dist. No. 66510, 1994 WL 663461,State v. Crawford (July 27, 1989), 7th Dist. No. 88-C-18,1989 WL 84152.
 {¶ 11} Thus, relying upon the definition put forth in Statev. Clark, supra, we find the stipulation of facts set forth above clearly constitutes the act of fellatio. Accordingly, Barrett's conduct meets the elements of rape and the first assignment of error is overruled.
 {¶ 12} Barrett also asserts that the stipulation of facts fails to establish the necessary element of sexual gratification. Specifically, Barrett argues that the stipulation of facts only establishes penetration, which is insufficient to support his conviction for rape. Barrett again relies upon the In re M.D.
case.
 {¶ 13} In In re M.D., the Supreme Court found that mere penetration was not enough to support a charge of rape based upon fellatio. 38 Ohio St.3d at 152. Rather, the Supreme Court noted that either sexual gratification or oral stimulation must also be proven. Id. Finally, in In re M.D., the Supreme Court found that it was unlikely that either the five year old child involved could have been physiologically or emotionally capable of sexual satisfaction or of oral stimulation. Id. Barrett correctly asserts that the act of fellatio is not a strict liability offense, in that either sexual gratification or oral stimulation must be proven. However, we do not find that it is stimulation of the victim that must be proven.
 {¶ 14} A closer read of In re M.D. establishes that the Supreme Court did not rely upon the age of the alleged victim and that child's inability to be orally stimulated as the basis for its decision to disallow prosecution. Again, the Supreme Court ultimately relied upon the facts and circumstances of that case and public policy. Additionally, there was no evidence that the twelve year old being prosecuted was motivated by sexual gratification. As such, we find the facts and circumstances in this case clearly distinguishable from the facts in In re M.D.
 {¶ 15} Furthermore, this Court has held that "the existence of prurient motivation may be discerned from the type, nature and circumstances of the contact * * *." State v. Jones (July 22, 1998), 3d Dist. No. 2-98-1, 1998 WL 405906, citing State v.Uhler (1992), 80 Ohio App.3d 113, 123, citing State v. Cobb
(1991), 81 Ohio App.3d 179, 185. Based upon the stipulated facts, Barrett's sexual stimulation or gratification can clearly be inferred. Accordingly, the second assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.
[1] The Court stated: "Even assuming, however, given the paucity of the record before us, that the conduct here technically involved a `rape' as that term is statutorily defined, we hold that prosecution of M.D. under these circumstances violates the underlying public policy of this state as expressed in R.C. Chapter 2151 and the Rules of Juvenile Procedure." 38 Ohio St.3d at 152-53.